UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  V.  BYRON LEE WHITE,  Defendant. | CRIMINAL ACTION NO. 5:18-67-KKC-2  OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's renewed motion for compassionate release. On January 4, 2019, Defendant Byron Lee White was sentenced to 84 months imprisonment and eight years supervised release. (DE 61.) On May 8, 2020, the Court issued an order denying Defendant's initial motion for compassionate release. (DE 90.) On June 12, 2020, Defendant filed a motion requesting that the Court reconsider his original request for compassionate release (DE 91), which the Court will construe as a renewed motion for compassionate release.

Defendant claims in his motion that he has contracted the disease caused by the novel coronavirus, COVID-19. (DE 91 at 2.) The government in its response does not refute Defendant's claimed diagnosis, but reports that it has contacted the Federal Medical Center – Lexington, where Defendant is currently housed, and that the staff at FMC Lexington did not advise that Defendant was in need of any treatment beyond that which he is currently being provided in the facility. (DE 95 at 2.)

1

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could only be brought by the director of the Bureau of Prisons, not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has recently reaffirmed that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions prior to being granted court relief, because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

As the Court noted in its prior order (DE 90), Defendant makes no mention of any effort to appeal the denial of the initial request made to the staff at his facility. As outlined in 28 C.F.R. § 542.15(a) ("Administrative Remedy Program – Appeals") –

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response… Appeal to the General Counsel is the final administrative appeal.

*See also* U.S. Department of Justice, Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2009) https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *United States*

*v. Brummett*, No. 6:07-CR-103-DCR, 2020 WL 1492763, at *1-*2 (E.D. Ky. Mar. 27, 2020). Because Defendant apparently did not seek an appeal of the denial of his request through the Administrative Remedy Program, the Court cannot find that he has exhausted his administrative rights and, therefore, the Court may not grant the relief that he seeks. *See Alam*, 960 F.3d at 834.

Accordingly, the Court hereby ORDERS that Defendant's renewed motion for compassionate release (DE 91) is DENIED.

Dated July 1, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY