UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:18-67-KKC-2 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| BYRON LEE WHITE, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant's motion for reconsideration. On January 4, 2019, Defendant Byron Lee White was sentenced to 84 months imprisonment and eight years supervised release. (DE 61.) On May 8, 2020, the Court issued an order denying Defendant's initial motion for compassionate release. (DE 90.) On July 1, 2020, the Court issued an order denying Defendant's renewed motion for compassionate release. (DE 96.) On July 31, 2020, Defendant filed a "motion for reconsideration and supplement in support of motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and request for emergency consideration" (DE 98), which the Court will construe as Defendant's third compassionate release motion.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could only be brought by the director of the Bureau of Prisons, not the defendant. *See*

1

18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has recently reaffirmed that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions prior to being granted court relief, because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Even assuming that Defendant has satisfied the exhaustion requirement before filing his motion with the Court, the motion fails on its merits. § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). According to the Sentencing Commission's policy statement, extraordinary and compelling reasons may exist[1] given the medical condition of the

---

[1] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).

defendant; the age of the defendant; specific family circumstances; or "other reasons."[2] U.S.S.G. § 1B1.13 (2018).

As in his previous motion, Defendant appears to claim that he has contracted the disease caused by the novel coronavirus, COVID-19. (DE 98 at 11.) Although Defendant concedes that he has not developed any symptoms of COVID-19, he claims that he is nonetheless "suffering adverse effects" – namely, being "'isolated' with other inmates who had once been tested positive." (DE 98 at 11.) He argues that "the risk/re-risk [that he] faces as a result of the virus must now be incorporated into the already bleak picture of [his] deteriorating health," and that "the conditions created by his COVID-19 diagnosis and his exposure to others with the virus make it substantially harder for him to provide self-care within the prison environment." (DE 98 at 11.) Defendant also claims in the present motion that he suffers from hypertension, type 2 diabetes, scoliosis, and vitamin D deficiency. (DE 98 at 12.)

Even in the context of the ongoing public health crisis, these facts do not establish that "extraordinary or compelling reasons warrant" Defendant's release from custody. Despite his claims, Defendant has not brought forward evidence sufficient to establish that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a correctional facility and from which he… is not expected to recover."

---

[2] Application Note 1(D), which provides for "other reasons," is not relevant in this case. "By its plain language, Application Note 1(D)'s 'other reasons' determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute 'other reasons' under subsection 1(D)." *United States v. Girod*, No. 5:15-CR-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). Defendant's motion provides no basis for the conclusion that the BOP has identified any extraordinary or compelling reasons in his case.

U.S.S.G. §1B1.13, comment. (n.1) (2018). Simply put, and despite Defendant's concerns about the BOP's effectiveness in protecting the prison population from COVID-19, his conclusory allegations that his particular medical condition meets this standard are insufficient for the Court to grant him the relief that he seeks.

Accordingly, the Court hereby ORDERS that:

1) Defendant's motion (DE 98) is DENIED; and

2) the Clerk shall maintain Docket Entry 98-2 under seal.

Dated August 24, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY